Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:  (916) 443-6911
Facsimile:  (916) 447-8336
E-Mail:  mark@markmerin.com
         paul@markmerin.com

Robert L. Chalfant (State Bar No. 203051)
LAW OFFICE OF ROBERT L. CHALFANT
13620 Lincoln Way, Suite 325
Auburn, California 95603
Telephone:  (916) 647-7728
E-Mail:  robert@rchalfant.com

Attorneys for Plaintiffs
ESTATE OF DAVID BAREFIELD SR.,
DAVID BAREFIELD II, AARON BAREFIELD,
FINAS BAREFIELD, and LOIS BAREFIELD

Susana Alcala Wood (SBN 156366)
Sean D. Richmond (SBN 210138)
srichmond@cityofsacramento.org
Scott P. Thorne (SBN 326917)
sthorne@cityofsacramento.org
Kate D.L. Brosseau (SBN 345596)
kbrosseau@cityofsacramento.org
CITY OF SACRAMENTO
915 I Street, Room 4010
Sacramento, CA 95814-2608
Telephone: (916) 808-5346
Facsimile: (916) 808-7455

Attorneys for Defendants
CITY OF SACRAMENTO, SACRAMENTO
POLICE DEPARTMENT, KATHERINE
LESTER, KYLE STEDMAN, JARED KISER,
DILLON BORTMAS, RYAN HANCOCK,
LATAURUSS HARRIS, CASEY DIONNE,
ARMANDO SANDOVAL, HERIBERTO
BASULTO, and MARTIN TELLERIA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ESTATE OF DAVID BAREFIELD SR., DAVID BAREFIELD II, AARON BAREFIELD, FINAS BAREFIELD, and LOIS BAREFIELD,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, KATHERINE LESTER, KYLE STEDMAN, JARED KISER, DILLON BORTMAS, RYAN HANCOCK, LATAURUSS HARRIS, CASEY DIONNE, ARMANDO SANDOVAL, HERIBERTO BASULTO, and MARTIN TELLERIA,<br><br>Defendants. | Case No. 2:24-cv-03427-TLN-JDP<br><br>**STIPULATION FOR PROTECTIVE ORDER RE: PERSONNEL FILES; [PROPOSED] ORDER** |

1

**STIPULATION FOR PROTECTIVE ORDER RE: PERSONNEL FILES**
*Estate of Barefield v. City of Sacramento*, United States District Court, Eastern District of California, Case No. 2:24-cv-03427-TLN-JDP

## STIPULATION

### A. PURPOSE AND LIMITATION

Defendants believe that the disclosure and discovery activity concerning the materials described in this stipulated protective order is likely to involve production of information for which protection from public disclosure is warranted. Plaintiffs have not been permitted to view the materials described in this stipulated protective order and, thus, are unable to form an opinion as to whether protection is necessary. The Parties acknowledge that this protective order does not confer blanket protections on all disclosures or discovery activity, and that the protection it affords extends only to the limited information or items that are entitled to such protection under Federal Rule of Civil Procedure 26(c). The Parties further acknowledge that this protective order does not entitle any party to file information designated as protected or confidential under seal, where Local Rule 141 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

### B. DEFINITIONS

The following definitions shall apply to this Protective Order:

1.  The "Action" shall mean and refer to the above-captioned matter and to all actions now or later consolidated with the Action, and any appeal from the Action and from any other action consolidated at any time under the above-captioned matter, through final judgment.

2.  "Documents" or "Confidential Documents" shall mean the documents that Defendants designate as "Confidential" and described in Section C.

3.  "Confidential" shall mean information designated "Confidential" pursuant to this stipulated protective order. Information designated "Confidential" shall be information that is determined in good faith by the attorneys representing the designating party to be subject to protection pursuant to Federal Rule of Civil Procedure 26(c). Confidential documents, material, and/or information shall be used solely for purposes of this Action. Such Confidential information may be disclosed only to the categories of persons and under the conditions described in this Order. Confidential information shall not be used by the non-designating party for any business or other purpose, unless agreed to in writing by all parties to this action or as authorized by further order of the Court.

2

**STIPULATION FOR PROTECTIVE ORDER RE: PERSONNEL FILES**
*Estate of Barefield v. City of Sacramento*, United States District Court, Eastern District of California, Case No. 2:24-cv-03427-TLN-JDP

4. "Plaintiffs" shall mean the Estate of David Barefield SR., David Barefield II, Aaron Barefield, Finas Barefield, and Lois Barefield.

5. "Defendants" shall mean the City of Sacramento, Sacramento Police Department, Katherine Lester, Kyle Stedman, Jared Kiser, Dillon Bortmas, Ryan Hancock, Latauruss Harris, Casey Dionne, Armando Sandoval, Heriberto Basulto, And Martin Telleria.

6. "Parties" shall mean Plaintiffs and Defendants, collectively, as identified above.

**C.    INFORMATION COVERED**

Covered Information:

Pursuant to Local Rule 141.1(c)(1), a description of the information eligible for protection under this stipulated protective order is limited to the following:

1. Personnel Files of Kyle Stedman (RFP # 33–41)
2. Personnel Files of Jared Kiser (RFP # 42–50)
3. Personnel Files of Dillon Bortmas (RFP # 51–58)
4. Personnel Files of Ryan Hancock (RFP # 59–66)
5. Personnel Files of Latauruss Harris (RFP # 67–75)
6. Personnel Files of Casey Dionne (RFP # 76–83)
7. Personnel Files of Armando Sandoval (RFP # 84–91)
8. Personnel Files of Heriberto Basulto (RFP # 92–99)
9. Personnel Files of Martin Telleria (RFP # 100–107)

Further, these personnel files will be redacted pre-production to remove personal identifying information for which there is a reasonable expectation of privacy, including dates of birth, social security numbers, addresses, email addresses, phone numbers, credit card information, banking account information, passwords, insurance policy numbers, driver's license or passport numbers, and the names of government employees' relatives. The personnel files will be identified as "CONFIDENTIAL" on the face of the document.

Particularized Need for Protection:

Pursuant to Local Rule 141.1(c)(2), Defendants assert that there exists a specific, particularized need for protection as to the information covered by this stipulated protective order because the

3

information contained in the personnel files is private. Defendants represent to the Court and Plaintiffs that the materials designated to be covered by this stipulated protective order are limited solely to those which would qualify for protection under Federal Rule of Civil Procedure 26(c), and does not include information designated on a blanket or indiscriminate basis. *See*, *e.g.*, *In Re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 424 (9th Cir. 2011).

<u>Showing of Need for a Protective Order</u>:

Pursuant to Local Rule 141.1(c)(3), protection afforded by this stipulated protective order is for the convenience of Defendants and the Court. Defendants seek to avoid litigation and expenditure of resources concerning a potential motion for protective order pursuant to Federal Rule of Civil Procedure 26(c). The entry of this stipulated protective order may prevent the Parties and the Court from conducting the usual document-by-document analysis necessary to obtain protection, in favor of a procedure whereby presumptive protection is afforded based on Defendants' good faith representations of the need for protection. *See*, *e.g.*, *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1122 (3d Cir. 1986). As a result, production may be made with this stipulated protective order in place and, if necessary, it will permit discrete and narrowed challenges to documents designated for protection.

**D.    TERMS OF THE PROTECTIVE ORDER**

Confidential Documents subject to protection may be designated as "Confidential" and produced subject to this stipulated protective order:

1.    The Parties will designate the Confidential documents as confidential by affixing a mark labelling them "Confidential."

2.    The Confidential documents may only be disclosed to the following persons:

    a.    Plaintiffs, Mark E. Merin and Paul H. Masuhara of the Law Office of Mark E. Merin, and any partners and associates in that office;

    b.    Defendants, Susana Alcala Wood, Sean D. Richmond, Scott P. Thorne, and Kate D.L. Brosseau of the Sacramento City Attorney's Office, and any partners and associates in that office;

    c.    Paralegal, clerical, and secretarial personnel or support staff regularly employed by counsel referred to in subparts (a) and (b) immediately above, including stenographic deposition reporters or videographers retained in connection with this action;

4

**STIPULATION FOR PROTECTIVE ORDER RE: PERSONNEL FILES**
*Estate of Barefield v. City of Sacramento*, United States District Court, Eastern District of California, Case No. 2:24-cv-03427-TLN-JDP

        d.      Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial in the civil action;

        e.      Any expert, consultant, or investigator retained in connection with this action;

        f.      The finder of facts at the time of trial, subject to the court's rulings on *in limine* motions and objections of counsel; and

        g.      Witnesses during their depositions in this action. If confidential documents are used in the deposition, the documents must be identified as "Confidential" and the portion of the deposition in which the documents are described should also be considered confidential.

      3.      Information covered by this stipulated protective order does not automatically entitle the Parties to file such information or documents with the Court under seal. Any request to seal documents is governed by Local Rule 141. If the Confidential documents are filed with any motion or other pleading, a party may seek permission from the Court to file the Confidential Documents under seal according to Local Rule 141. If permission is granted, the Confidential documents will be filed and served in accordance with Local Rule 141.

      4.      The designation of the Confidential documents as "Confidential" and the subsequent production thereof is without prejudice to the right of any party to oppose the admissibility of the Confidential documents or information contained therein.

      5.      Any party or non-party may challenge a Confidential designation at any time. A party or non-party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The challenging party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in person or voice-to-voice dialogue; other forms of communication are not sufficient) within seven (7) days of the date of service of notice. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging party may proceed to the next stage of the challenge process only if it has engaged in this

5

**STIPULATION FOR PROTECTIVE ORDER RE: PERSONNEL FILES**
*Estate of Barefield v. City of Sacramento*, United States District Court, Eastern District of California, Case No. 2:24-cv-03427-TLN-JDP

meet and confer process first or establishes that the designating party is unwilling to participate in the meet and confer process in a timely manner. If the parties cannot resolve a challenge without Court intervention, the designating party shall file and serve a motion for protective order/to retain confidentiality pursuant Federal Rule of Civil Procedure 26(c) and Local Rule 251 within twenty-one (21) days of the initial notice of challenge or within seven (7) days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by the designating party to make such a motion within twenty-one (21) days (or seven (7) days, if applicable) shall automatically waive the "Confidential" designation for each challenged designation. In addition, the challenging party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so. The burden of persuasion in any such challenge proceeding shall be on the designating party, consistent with Federal Rule of Civil Procedure 26(c). Unless the designating party has waived the confidentiality designation by failing to file a motion for protective order/to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the designating party's designation until the Court rules on the challenge.

6.  Should the Confidential documents or any information contained therein be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this stipulated protective order, the disclosing person(s) shall promptly (a) inform counsel for the Defendants of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this stipulated protective order.

7.  The Confidential documents shall not lose its confidential status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this stipulated protective order.

8.  The protections conferred by this stipulated protective order cover the information defined above, as well as (1) any information copied or extracted from Confidential documents; (2) all copies, excerpts, summaries, or compilations of Confidential documents; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Confidential documents. However, the protections conferred by this stipulated protective order do not cover: (A) any information that is in the public domain at the time of disclosure or which subsequently becomes part of the public domain after its

6

**STIPULATION FOR PROTECTIVE ORDER RE: PERSONNEL FILES**
*Estate of Barefield v. City of Sacramento*, United States District Court, Eastern District of California, Case No. 2:24-cv-03427-TLN-JDP

1  disclosure, including becoming part of the public record through public filings, trial, mandatory

2  disclosures (*e.g.*, California Penal Code § 832.7), or otherwise; and (B) any information known prior to

3  the disclosure or obtained after the disclosure from a source who obtained the information lawfully and

4  under no obligation of confidentiality.

5       9.    This stipulated protective order shall remain in full force and effect and shall continue to

6  be binding on all parties and affected persons until this litigation terminates, subject to any subsequent

7  modifications of this stipulated protective order for good cause shown by this Court or any Court having

8  jurisdiction over an appeal of this action. Upon termination of this litigation, the Parties agree the

9  stipulated protective order shall continue in force as a private agreement between the Parties. Any

10  violation of this agreement shall be subject to appropriate legal remedies, including but not limited to

11  injunctive relief, monetary damages, and sanctions as determined by this Court.

12       10.    The Parties may request additional records to be subject to this stipulated protective order.

13  If a Party believes a document to be produced should be subject to this stipulated protective order, the

14  parties must meet and confer. If there is agreement, the Parties shall submit an amendment to this

15  stipulated protective order to identify the additional documents. If the Parties cannot agree, the Party

16  seeking protection shall file a motion for protective order pursuant to the terms of Local Rule 251.

17       14.    During the pendency of this lawsuit, the Court may (a) make such amendments,

18  modifications, and/or additions to this stipulated protective order as deemed appropriate upon good cause

19  shown; and (b) adjudicate any dispute arising under it.

20       IT IS SO STIPULATED.

21  Dated: May 20, 2025

Respectfully Submitted,
LAW OFFICE OF MARK E. MERIN

    */s/ Mark E. Merin*

By: _____
   Mark E. Merin
   Paul H. Masuhara

   Attorneys for Plaintiffs
   ESTATE OF DAVID BAREFIELD SR.,
   DAVID BAREFIELD II, AARON BAREFIELD,
   FINAS BAREFIELD, and LOIS BAREFIELD

7

Dated: May 20, 2025

Respectfully Submitted,
CITY OF SACRAMENTO

*/s/ Scott P. Thorne*
(as authorized on May 20, 2025)
By: _____
Sean D. Richmond
Scott P. Thorne
Kate D.L. Brosseau

Attorneys for Defendants
CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, KATHERINE LESTER, KYLE STEDMAN, JARED KISER, DILLON BORTMAS, RYAN HANCOCK, LATAURUSS HARRIS, CASEY DIONNE, ARMANDO SANDOVAL, HERIBERTO BASULTO, and MARTIN TELLERIA

## [PROPOSED] ORDER

The parties' stipulation is GRANTED.

IT IS SO ORDERED.

Dated:   May 21, 2025   _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

8

**STIPULATION FOR PROTECTIVE ORDER RE: PERSONNEL FILES**
*Estate of Barefield v. City of Sacramento*, United States District Court, Eastern District of California, Case No. 2:24-cv-03427-TLN-JDP